# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# NORTHERN DIVISION

Civil Action No. 2:23-cv-31

| | |
|---|---|
| CHRISTINE HUTTEN,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>SPECIALIZED LOAN SERVICING, FAY SERVICING, and FEDERAL HOME LOAN MORTGAGE CORPORATION (FREDDIE MAC),<br><br>　　　　　　　　Defendants. | **NOTICE OF REMOVAL**<br>Dare County File No.<br>23 CVS 118 |

　　　　Defendant Specialized Loan Servicing LLC ("SLS"), by and through undersigned counsel, files this Notice of Removal of the above-captioned matter from the General Court of Justice, Superior Court Division in Dare County, North Carolina (the "State Court") to the United States District Court for Eastern District of North Carolina, Northern Division pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446. SLS respectfully shows unto the Court in support of this Notice of Removal the following:

　　　　1.　　Plaintiff Christine Hutten ("Hutten" or "Plaintiff") commenced this action against SLS, Fay Servicing ("FS"), and Federal Home Loan Mortgage Corporation (Freddie Mac) ("FHLMC") by filing a Complaint on March 27, 2023, in the General Court of Justice, Superior Court Division in Dare County, North Carolina, bearing file number 23-CVS-118 (the "Complaint").

2. As more fully set out below, this case is properly removed to this court because (1) SLS satisfied the procedural requirements for removal; and (2) this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1332.

I. **SLS Satisfied the Procedural Requirements for Removal**

3. On April 1, 2023, while SLS contends that there was insufficient process and without waiving Rule 12(b)(4), SLS' registered agent received a copy of the Complaint and its civil summons.

4. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it is being filed within thirty days after "the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . ."

5. Venue is proper in this Court pursuant to 28 U.S.C. § 113(a) because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

6. SLS has made no previous application for the relief requested herein.

7. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon SLS are attached hereto as Exhibit A and incorporated herein.

8. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff, Co-Defendant FS, and Co-Defendant FHLMC. A copy is being filed with the Clerk of the State Court. For reference of the Court, a true and accurate copy of the Notice being provided to the State Court is attached hereto as Exhibit B and incorporated herein.

## II. Removal Is Proper Because This Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. §§ 1331 and 1332

### i. Subject Matter Jurisdiction under § 1331

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this civil action arises under the Constitution, laws, or treatises of the United States.

10. The Complaint purports to invoke federal jurisdiction under the Real Estate Settlement Procedures Act ("RESPA"). (Compl. ¶ 5).

11. In this action, Plaintiff purports that SLS violated RESPA when it did not apply the "loan owners modification guideline, [and] the Freddie Mac Flex Modification guidelines, (*sic*) accurately without discrimination and in good faith". (Compl. ¶ 5). The Complaint also states that SLS violated RESPA in its refusal to correct an escrow miscalculation. (*Id.*).

12. As RESPA is a federal law, the Complaint arises from federal law and this Court has subject matter jurisdiction over the case under 28 U.S.C. 1331.

13. While unclear, Plaintiff also appears to assert claims for a breach of contract and a violation of the North Carolina Unfair and Deceptive Trade Practices Act, which are state law claims. (See Compl. ¶ 12, 21). To the extent Plaintiff has alleges these additional claims under state law, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367, because this court has original jurisdiction over Plaintiff's federal claims and "all other claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a).

### ii. Subject Matter Jurisdiction under § 1332

14. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

15. Plaintiff is a citizen and resident of Dare County, North Carolina (*Id.* ¶ 1). Upon information and belief, Plaintiff is domiciled in North Carolina with an intent to remain.

16. Defendant SLS is a limited liability company organized under the laws of Delaware that has its principal place of business located in Colorado at 8742 Lucent Blvd., Highlands Ranch, Colorado, 80129. SLS has a single member-manager, which is Specialized Loan Servicing Holdings, LLC, a Delaware limited liability company. Specialized Loan Servicing Holdings, LLC has only one member, whose ultimate parent is Computershare Limited, a publicly traded company on the Australian stock exchange. None of the member-managers or controlling interests in these companies are North Carolina entities or corporate citizens of North Carolina.

17. Defendant FS is a limited liability company organized under the laws of Delaware that has its principal place of business located in Florida at 5426 Bay Center Drive, Suite 300, Tampa, Florida, 33609.

18. Defendant FHLMC is a federally chartered private corporation created by the U.S. Congress and a publicly traded, government-sponsored enterprise, headquartered in Tysons Corner, Virginia at 8200 Jones Branch Drive, McLean, VA 22102.

19. The Complaint seeks damages in the amount of $39,597.21 (for refunds of certain payments made) and $119,791.63 for trebled damages under the North Carolina Unfair and Deceptive Trade Practices Act. (*Id.* ¶ Conclusion 2-3). Furthermore, Plaintiff seeks to recover legal fees and costs of this action. (*Id.* ¶ Conclusion 4). See Missouri State Life Ins. V. Jones, 290 U.S.

199, 202 (1933) (finding that the proposition of attorneys' fees may be considered in determining the amount in controversy). As such, the Complaint on its face seeks more than $75,000.00 in damages, above the amount in controversy required by 28 U.S.C. § 1332(a).

20. Removal based upon diversity of citizenship is appropriate pursuant to 28 U.S.C. § 1332(a) and (c), because complete diversity exists and the amount in controversy exceeds $75,000.00.

21. Defendant FS, who has been served, consents to the removal of this lawsuit under 28 U.S.C. § 1446(b)(2)(A).

22. As of the date of this filing, the undersigned does not know whether Defendant FHLMC has been properly served. Therefore, the undersigned has not been able to seek its consent to removal.

23. Nothing in this Notice of Removal should be construed as a waiver or relinquishment of SLS' right to assert any defense or counterclaim, including, without limitation, the defenses of insufficient process, failure to state a claim, or any other procedural or substantive defense or counterclaim available under state or federal law.

24. SLS respectfully reserves the right to amend or supplement this Notice of Removal as may be appropriate.

WHEREFORE, Defendant Specialized Loan Servicing, LLC requests that this action proceed in this Court as an action properly removed to it.

Respectfully submitted this the 28th day of April, 2023.

/s/ Hannah D. Kays
Hannah D. Kays, NC Bar No. 50622
NELSON MULLINS RILEY & SCARBOROUGH LLP
301 Hillsborough Street, Suite 1400
Raleigh, NC 27603
Telephone: 919.329.3873
Facsimile: 919.329.3799
E-mail: hannah.kays@nelsonmullins.com

*Counsel for Defendant Specialized Loan Servicing LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such to the following:

None.

And I hereby certify that I have mailed the foregoing to the following non-CM/ECF participants:

Christine Hutten
53828 NC Hwy 12
Frisco, NC 27939
*Plaintiff Pro Se*

Fay Servicing
c/o Registered Agent Solutions, inc.
176 Mine Lake Court, Suite 100
Raleigh, NC 27615-6417

Federal Home Loan Mortgage Corporation
Attn: Managing Agent/Officer
8200 Jones Branch Drive
McLean, VA 22102-3110

/s/ Hannah D. Kays
Hannah D. Kays, NC Bar No. 50622
NELSON MULLINS RILEY & SCARBOROUGH LLP
301 Hillsborough Street, Suite 1400
Raleigh, NC 27603
Telephone: 919.329.3873
Facsimile: 919.329.3799
E-mail: hannah.kays@nelsonmullins.com

*Counsel for Defendant Specialized Loan Servicing, LLC*