# EXHIBIT A

# (Dare County Summons and Complaint, 23 CVS 118)

| STATE OF NORTH CAROLINA | File No. 23 CVS 118 |
|---|---|
| DARE County | In The General Court Of Justice<br>☐ District ☒ Superior Court Division |

| Name Of Plaintiff<br>Christine Hutten<br>Address<br>53828 NC Hwy 12, PO Box 544<br>City, State, Zip<br>Frisco, NC 27936 | **CIVIL SUMMONS**<br>☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)<br><br>G.S. 1A-1, Rules 3 and 4 |
|---|---|
| VERSUS | |
| Name Of Defendant(s)<br>Specialized Loan Servicing | Date Original Summons Issued<br><br>Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1<br>Specialized Loan Servicing<br>(United Agent Group Inc)<br>15720 Brixham Hill Ave, Suite 300<br>Charlotte, NC 28277 | Name And Address Of Defendant 2 |
|---|---|

⚠️ **IMPORTANT!** You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE!** ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)<br>Christine Hutten<br>53828 NC Hwy 12<br>PO Box 544<br>Frisco, NC 27936 | Date Issued 3/27/23 | Time 2:07 ☐ AM ☒ PM |
|---|---|---|
| | Signature Lynn Watts | |
| | ☐ Deputy CSC ☒ Assistant CSC ☐ Clerk Of Superior Court | |

| ☐ **ENDORSEMENT (ASSESS FEE)**<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time ☐ AM ☐ PM |
|---|---|---|
| | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

Case 2:23-cv-00031-FL     Document 1-1     Filed 04/28/23     Page 2 of 12

| | **RETURN OF SERVICE** | |

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

IN THE SUPERIOR COURT OF DARE COUNTY
STATE OF NORTH CAROLINA

FILED
2023 MAR 27 P 2: 07
DARE COUNTY, C.S.C.

CHRISTINE HUTTEN,
   Plaintiff, Pro Se

V.                 Case No. 23 CVS 118

Specialized Loan Servicing,
   Defendant

Fay Servicing,
   Defendant

Federal Home Loan Mortgage Corporation
   (Freddie Mac)
   Defendant

**COMPLAINT - Jury Requested**

SPECIALIZED LOAN SERVICING

1. Plaintiff's subject home lies in Dare County NC at 53828 NC Hwy 12, Frisco, NC 27936. Plaintiff's subject Deed Of Trust and Loan Note is recorded in Dare County, NC. Plaintiff's Loan is current at the not modified rate. Therefore, the Dare County Superior Court has Jurisdiction.

2. Specialized Loan Servicing was the loan's servicer from July 2019-Jan. 21st, 2021. Freddie Mac was the loan's owner during this time period.

3. In Aug. 2019 Plaintiff, Ms. Hutten, applied for a loan modification stating a Hurricane Matthew hardship. Afterward, Specialized Loan Servicing began running a loan modification scam claiming plaintiff had not filed requisite documents needed for the processing of the loan. However, Plaintiff proved this to be false and provided copies of all documents sent to SLS. In Dec. 2019 Plaintiff was approved for a Freddie Mac Flex

1

Modification and notice was received from SLS along with the 3 trial period payments instructions.

4. Plaintiff notified SLS, in Dec. 2019, that a deliberate error had been made in the calculation of the escrow amount, the escrow had been deliberately miscalculated $200.00 less than the actual escrow, which caused the percentage decrease in loan payment and the percentage mortgage payment to income, per the Freddie Mac Flex Modification's guidelines to be miscalculated higher than the loan payment Plaintiff was entitled to.

5. Per the federal RESPA Act, by law, SLS is required to apply the loan owners modification guideline, the Freddie Mac Flex Modification guidelines, accurately without discrimination and in good faith. SLS violated the RESPA Act in their application of the Freddie Mac Flex Modification guidelines with their refusal to correct their miscalculation.

6. Plaintiff in fear she would not get any modification, reluctantly accepted the miscalculated modification by making her 1st trial period payment for Jan. 2020 on time. Plaintiff made all three, Jan., Feb., and March 2020, trial period payments of $1,531.74 on time.

7. In the last week of March 2020, SLS sent Plaintiff the final modification documents without a correction to the modification calculation. On March 29th, 2020 Plaintiff sent SLS a letter USPS registered receipt mail advising them the modification amounts were still in miscalculation and a description of the math errors they had made.

8. In March and April 2020 the United States government declared a STATE OF EMERGENCY for the entire country and a National Covid Emergency Lockdown went into effect.

9. During this National Covid Emergency Lockdown, Plaintiff with no choice but to comply with her instructions for the modification and no word from SLS about the miscalculation, Plaintiff and Daniel Felix signed the miscalculated modification documents on April 6th, 2020 and due to the lack of notary due to the national emergency plaintiff placed an affidavit below the signatures swearing the signatures were true as was instructed by the Clerk of the NC Supreme Court in a phone call to them at that time, and placed the signed two original modification documents in the US Mail to the correct address at SLS she was instructed to mail it to. SLS had created with no regard to the National Emergency Lock Down an arbitrary return date, NOT STATED IN THE MODIFICATION'S ACTUAL LANGUAGE, a date to return the documents by April 10th, 2020 and Plaintiff complied by putting the signed originals in the US Mail on April 6th, 2020. HOWEVER, concerning the April 10th 2020 deadline, SLS drafted and sent Plaintiff a letter date April 13th 2020 asking for more time to investigate the miscalculation of the modification which negated the April 10th 2020 timeline.

10. The specific language of the modification documents states that the modification would become AUTOMATICALLY PERMANENT ON APRIL 1ST, 2020, upon the timely payments of the 3 trial period payments. The Jan., Feb., and March 2020, 3 trial period payments were paid on time at $1,531.74 per payment. The loan's payment automatically became $1,531.74 per month beginning April 1st 2020 and this amount by law is the current loan's payment.

11. By NC Law the modification became a binding contract on April 6th 2020 the moment Plaintiff signed the documents.

12. SLS breached that contract by not applying that contract to Plaintiff's loan account and is in violation for breach of contract.

13. Plaintiff is owed by law the application of the $1,531.74 per month payment applied to her loan account and all other aspects of the modification agreement as of the modification effective date of April 1st, 2020. Plaintiff is entitled to by law all excess funds paid on the account beginning April 1st, 2020 to present returned to her with interest.

14. Additionally, Plaintiff by the RESPA Act and by law is owed the current miscalculated modification amount to be corrected per the Freddie Mac Flex Modification guidelines from 2019, which will lower her loan amount further, and any and all of the excess funds she has paid on the deliberately miscalculated modification returned to her.

FAY SERVICING

15. Freddie Mac sold plaintiff's loan to US Bank some time in DEC. 2020 and Fay Servicing notified plaintiff in Jan. 2021 that they were the loan's new servicer.

16. Plaintiff notified Fay Servcing at that time that a) the loan was a imperfected loan based on a defective Deed Of Trust and multiple frauds that were already in litigation with Bank Of America and Freddie Mac, b) that the loan was imperfected and defective when Bank Of America sold the loan to Freddie Mac so thus the loan was imperfected when it was sold to US Bank, c) that there was a miscalculated modification signed and

not applied to the account as well as 3 missing trial period payments, and d) the modification was miscalculated by SLS and had not been corrected or that correction applied to the account.

17. The known facts of the loan are that in a closing in Oct. 2007 both Ms. Hutten and Mr. Felix rejected the loan documents based on the wrong description of the property and wrong survey to the property. That without the corrections being made to those loan documents Ms. Hutten's and Mr. Felix's signatures were applied against their consent to the rejected misstated loan and that rejected loan was recorded with the Dare County Register Of Deeds in Oct. 2007. This making the loan imperfected from it's inception. Bank Of America then sold the imperfected loan to Freddie Mac making that a fraudulent transaction. Freddie Mac then attempted a modification of the loan with a government backed HARP refinance in 2011 with Bank Of America acting as it's loan servicer BUT failed to make the corrections of property description and proper survey ordered by Ms. Hutten to accompany her signature which merely continued the frauds already committed and making the new HARP refinance a fraudulent imperfected loan. Plaintiff then sued Bank Of America in 2012 for the frauds and entered into a Settlement Agreement in 2017 with Bank Of America where Bank Of America admitted the Deed Of Trust and Note were defective and needed to be corrected. Bank Of America then violated the Settlement Agreement in 2017. In Oct 2020 Plaintiff discovered that Bank Of America had violated NC Statutes and Laws, NCGS 47-36.1 and NCGS 47-36.2, regulating the corrections of Deeds Of Trust with defective property descriptions by attempting an illegal correction of the defective Deed Of Trust with another illegal fraudulent document called the "Note And Security Instrument Modification Agreement"

that was no more legal than a scrivener's affidavit and all done in violation of the NC Rules Of Civil Procedure directed to be adhered to by the NC Statutes when correcting this type of defect in a recorded document. This means that the defects from the 2011 HARP refinance are still present on Plaintiff's current Deed Of Trust and Note that Bank Of America admitted must be corrected making the Deed Of Trust and Note still imperfected and fraudulent, that Plaintiff is owed damages from the Settlement Agreement with Bank Of America, and that Freddie Mac sold the imperfected and defective Deed Of Trust and Note in yet another illegal fraudulent transaction to US Bank.

18. US Bank is currently in possession of a imperfected defective loan that was imperfected and fraudulent from it's inception and recording in Dare County NC, that Bank Of America sold to Freddie Mac and Freddie Mac sold to US Bank while litigation was underway to void the imperfected and fraudulent loan as damages for it's creation from Oct 2007.

19. Fay Servicing is extorting fraudulent payments for the imperfected and fraudulent loan by claiming to be experts in these loans and by claiming as plaintiff's loan servicer that no defects or imperfections exist or ever existed in the loans inception and transfer and demanding based on their expertise that the loan payments must be paid in order for plaintiff to not lose the home. Fay claims that the defects known to exist in the Deed Of Trust and Note, as admitted to by Bank Of America and never corrected in compliance with NC Statute, still make the Deed Of Trust enforceable which is a FALSE statement per NC Laws regulating such documents. Fay as advertised experts of such documents would know the Deed Of Trust is unenforceable and that the transfer of such

6

Case 2:23-cv-00031-FL   Document 1-1   Filed 04/28/23   Page 9 of 12

defective loans, as in the consecutive transfers of plaintiff's loan, would be illegal, and that the transfer of such defective loans to avoid litigation is illegal. Plaintiff acting on Fay's expert directions in compliance with both SLS's modification fraud and their assurance her loan was valid paid payments she did not owe by law.

20. Plaintiff is owed all payments made to Fay Servicing for the imperfected fraudulent loan or the return of all funds in excess of the corrected or miscalculated modification amount if it can be proven the loan is even valid at all.

ALL DEFENDANTS

21. Both Specialized Loan Servicing and Fay Servicing are guilty of violations of the NC Unfair And Deceptive Trade Practices Act and owe treble the amounts of the funds to be returned.

CONCLUSION

Plaintiff hereby requests that the Court grant this Complaint for damages:

1. Rule on and void the imperfected Deed Of Trust and Note and remove it as an encumbrance against the property and order any damages the Court sees fit.

2. OR enforce the modification as a binding contract, order the modification contract be corrected and enforced, and all excess funds, in the amount of $39,597.21, be returned to plaintiff with interest.

3. Rule in favor of plaintiff for violations of the NC Unfair And Deceptive Trade Practices Act and treble the amounts owed and for damages to $118,791.63.

4. Grant legal fees and expenses to plaintiff.

*Christine Hutten* 3-20-23
Christine Hutten
53828 NC Hwy 12
PO Box 544
Frisco, NC 27936
757-478-5160

APR 0 1 2023