IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:23-CV-31-FL

| | | |
|---|---|---|
| CHRSTINE HUTTEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| SPECIALIZED LOAN SERVICING; FAY | ) | |
| SERVICING; and FEDERAL HOME | ) | |
| LOAN MORTGAGE CORPORATION | ) | |
| (FREDDIE MAC), | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on pro se plaintiff's motion for rehearing[1] pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure. (DE 55). Defendant Specialized Loan Servicing ("SLS") and defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") responded in opposition to the instant motion. (DE 56, DE 57). Plaintiff requests the court reconsider its October 17, 2023, order granting in part defendant SLS's motion to dismiss as it pertains to plaintiff's federal claims, denying plaintiff's motions to remand, to amend, and for oral argument, and terminating as moot defendants' motions in remaining part and plaintiff's motion for summary judgment. (DE 53). In this posture, the issues raised are ripe for ruling. For the following reasons, plaintiff's motion for reconsideration is denied.

---

[1] The court construes the instant motion as a motion for reconsideration.

## DISCUSSION

The court construes plaintiff's motion for reconsideration as a motion to alter or amend the judgment pursuant to Rule 59(e). Rule 59 allows "[a] motion to alter or amend a judgment . . . no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The decision whether to alter or amend a judgment under Rule 59(e) is within the sound discretion of the district court. See Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The United States Court of Appeals for the Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): 1) to accommodate an intervening change in controlling law; 2) to account for the availability of new evidence; or 3) to correct a clear error of law or prevent manifest injustice. See, e.g., Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007); Bogart, 396 F.3d at 555; Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). "Thus, Rule 59(e), in essence, gives the district court a chance to correct its own mistake if it believes one has been made." Zinkand, 478 F.3d at 637.

Plaintiff's motion merely restates allegations already deemed insufficient to support a viable claim under the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, et seq. ("RESPA"). Plaintiff neither asserts any "intervening change in controlling law" nor proffers "new evidence." Pacific Ins. Co. v. American Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Instead, plaintiff alleges that the court failed to adequately address her RESPA claim in its October 17 order. "A Rule 59(e) motion is not intended to allow for re-argument of the very issues that the court has previously decided," DeLong v. Thomas, 790 F. Supp. 594, 618 (E.D. Va. 1991), aff'd, 985 F.2d 553 (4th Cir. 1993), and is not "intended to give an unhappy litigant one additional chance to sway the judge." Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D. Va. 1977). The assertions in plaintiff's motion are without merit under Rule 59(e).

Next, the court construes plaintiff's motion for reconsideration as a motion for relief from judgment pursuant to Rule 60(b). Rule 60(b) allows the court to "relieve a party . . . from a final judgment, order or proceeding" on specified grounds. Fed. R. Civ. P. 60(b). "To prevail, a party must [make a threshold showing demonstrating]: (1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295, 299 (4th Cir. 2017). If those conditions are met, the movant must satisfy "one of the six enumerated grounds for relief under Rule 60(b)," which include: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason that justifies relief. Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993); Fed. R. Civ. P 60(b).

Beginning with the threshold requirements, plaintiff fails to establish that she has a meritorious defense. Plaintiff also fails to show a lack of unfair prejudice to the opposing party or that exceptional circumstances justify revisiting the judgment. Nor does plaintiff plead any of the six enumerated grounds for relief under Rule 60(b). Plaintiff's motion alone recycles arguments already addressed by the court, and thus, Rule 60(b) provides no remedy. See United States v. Williams, 674 F.2d 310, 313 (4th Cir. 1982) ("Where the motion is nothing more than a request that the district court change its mind, however, it is not authorized by Rule 60(b).").

## CONCLUSION

Based on the foregoing, plaintiff's motion for reconsideration (DE 55), construed as a motion to alter or amend the judgment pursuant to Rule 59(e) and a motion for relief from judgment pursuant to Rule 60(b), is DENIED.

SO ORDERED, this the 27th day of December, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge